```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                       :
LOUIS PAUL TOSCANO,                    :   CIVIL ACTION NO. 05-2094 (MLC)
                                       :
      Plaintiff,                       :   MEMORANDUM OPINION
                                       :
      v.                               :
                                       :
AT&T CORPORATION, et al.,              :
                                       :
      Defendants.                      :
                                       :
```

**THIS MATTER ARISES** on the (1) in-forma-pauperis application pursuant to 28 U.S.C. § 1915, and (2) motion for assignment of pro bono counsel, by the plaintiff pro se, Louis Paul Toscano. This appears to be an action — against defendants identified as AT&T Corporation ("AT&T"), Connecticut General Life Insurance Company ("CGL"), Horizon Blue Cross & Blue Shield of New Jersey ("BCBS"), Magellan Health Services ("MHS"), Communications Workers of America Local 1058 ("CWA"), and the New Jersey Department of the Public Advocate — to recover damages for discrimination. The Court will address the application and motion before reviewing the complaint's sufficiency. See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

### THE APPLICATION

Toscano states he has received (1) $5,544 in long-term-disability payments, (2) $11,011 in social security payments, and (3) $220 in interest income. (App., at 1-2.) He also states he

owns (1) five shares of AT&T stock and (2) a 2003 Honda Element. (Id. at 2.)  He asserts that his "expenses almost always exceed income."  (Id.)

The responses as to payments and income may be based on his "2004 tax return" — a handwritten notation on the application (id. at 1) — but that is not clear.  It is also not clear whether these are the total payments and income for all of 2004 and, if so, whether he has received or expects to receive payments in 2005.

The Court intends to deny the application.  The Court is authorized to do so when a plaintiff fails to reveal entitlement to in-forma-pauperis relief.  See Spence v. Cmty. Life Improv., No. 03-3406, 2003 WL 21500007, at *1 (E.D. Pa. June 26, 2003); Daniels v. County of Media, No. 03-377, 2003 WL 21294910, at *1 (E.D. Pa. Feb. 6, 2003); White v. Carollo, No. 01-4553, 2001 WL 1159845, at *1 (E.D. Pa. Sept. 13, 2001).

The Court cannot determine from the application if Toscano has the financial means to pay the filing fee because his answers are incomplete and unclear.  In any event, assuming his 2005 income is in line with what appears to be his 2004 income, and as he is able to maintain a late-model automobile, he is not entitled to this relief.  He is not entitled to such relief merely because his expenses exceed his income.  His motion for assignment of pro bono counsel also will be denied.

**THE COMPLAINT**

The Court may (1) review the complaint, and (2) direct sua sponte that it not be filed if it is frivolous, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). See Mariani v. United States, 212 F.3d 761, 769 (3d Cir. 2000).

**I.   EEOC Charge, EEOC Notice, & Previous Civil Action**

Toscano has submitted copies of a charge he filed with the Equal Employment Opportunity Commission ("EEOC") and a resulting EEOC notice. In addition, he mentions a previous federal action in his papers. The Court is able to discern the following from those documents and the docket for the previous federal action.

Toscano worked for AT&T until 1992, and has received long-term disability payments since that time for "behavioral health problems." (2-24-05 EEOC Charge.) He became involved in a dispute in 2001 against, among others, CGL concerning his benefits. (See Toscano v. Cigna Corp., D.N.J. Dkt. No. 01-3669 (GEB)). That action was settled in 2001. (See id., dkt. entry nos. 8,10,11.)

Toscano filed an EEOC charge on February 24, 2005, against AT&T, alleging discrimination based on race, religion, retaliation, and disability. (2-24-05 EEOC Charge.) The EEOC denied the charge as untimely in March 2005. (3-15-05 EEOC Not.)

**II. Attachment**

Toscano has submitted — in addition to a form complaint — a seventeen-page, single-spaced attachment, which apparently sets forth his claims against the defendants ("Attachment"). The Court is unable to discern exactly what he is claiming as to each defendant. The Attachment presents (1) a hodgepodge of seemingly unconnected events, and (2) few, if any, dates for those events. Toscano fails to assert any cognizable cause of action in support of his claims.

**III. Complaint Not To Be Filed**

Toscano, for the reasons stated above, fails to give "fair notice of what [his] claim is and the grounds upon which it rests," and thus comply with minimum pleading standards. Conley v. Gibson, 355 U.S. 41, 47 (1957). See Fed.R.Civ.P. 8(a), 10(b).[1]

The action, in any event, appears to be time-barred. Toscano's employment at AT&T ceased in 1992. The statute of limitations as to any cause of action the Court can discern —

---

[1] Rule 8(a) requires that a complaint contain short and plain statements of "the grounds upon which the court's jurisdiction depends" and "the claim showing that the pleader is entitled to relief."

Rule 10(b) states that claims must be made in numbered paragraphs; the contents of each are to be limited to a statement of a single set of circumstances; and, claims founded on separate transactions or occurrences are to be stated in separate counts if a separation facilitates a clear presentation.

e.g., under Title VII or the Americans with Disabilities Act ("ADA") — expired long ago.  See Verdin v. Weeks Marine, No. 03-4571, 2005 WL 357006, at *2-*3 (3d Cir. Feb. 16, 2005) (concerning limitations period under Title VII); Zdziech v. DaimlerChrysler Corp., No. 03-2953, 2004 WL 2203979, at *1 (3d Cir. Sept. 30, 2004) (concerning limitations period under ADA).  Although the statute of limitations is an affirmative defense subject to waiver by a defendant, it may be considered sua sponte when a court screens a complaint that is filed (1) by a plaintiff pro se, and (2) in conjunction with an in-forma-pauperis application.  Bieregu v. Ashcroft, 259 F.Supp.2d 342, 355 n.11 (D.N.J. 2003); Johnstone v. United States, 980 F.Supp. 148, 153-54 (E.D. Pa. 1997).[2]

It also appears that the claims against CGL — and perhaps BCBS and MHS — concern his disability benefits, and thus may be barred due to the settlement of the previous federal action by the doctrines of (1) res judicata, also known as claim preclusion, and (2) collateral estoppel, also known as issue preclusion.  Sibert v. Phelan, 901 F.Supp. 183, 186 (D.N.J. 1995) (discussing elements of res judicata); Bd. of Tr. of Trucking Em'ees of N. Jersey Welfare Fund v. Centra, 983 F.2d 495, 505 (3d Cir. 1992)

---

[2] Toscano mentions the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq. (Attachment, at 4 & 13), but fails to state a claim thereunder against any of the named defendants.

(discussing elements of collateral estoppel).  But the Court is unable to make a definitive determination thereon, given the rambling nature of the Attachment.

The Court thus concludes that the complaint is frivolous and fails to state a claim on which relief may be granted.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  The Court will direct the Clerk of the Court to not file the complaint and designate the action as closed.  For good cause appearing, an appropriate order and judgment will be issued.

                                                s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge